JOHN W. IRVING, Appellant, v. LEWIS WAGNER, Appellee.

SPECIFIC PERFORMANCE: Contracts Enforceable—Delivery on
1 Condition—Performance. A contract to buy certain land, executed and delivered on the condition that the vendor will effect an exchange of other land belonging to vendee for certain lands belonging to a third party, is not enforceable when said exchange progressed no further than the signing of a contract by vendee and said third party and the repudiation of said contract, under the terms thereof, by both parties, after examination of the land.

SPECIFIC PERFORMANCE: Contracts Enforceable—Inducing Con-
2 tract by Fraud—Representations as to Value. Representations of *value*, made for the purpose of having them accepted as of fact and to be relied on, are representations of *fact*, and, if actually relied on and false, will defeat specific performance.

APPEAL AND ERROR: Rules—Failure to Obey—Immaterial Amend-
3 ment to Abstract—Costs. When appellant has not testified contradictory to appellee in any respect, an amended abstract which

sets forth evidence tending to show appellant's bad moral character
and bad reputation for truth and veracity will be taxed to appellee.

*Appeal from Greene District Court.*—F. M. POWERS, Judge.

TUESDAY, APRIL 4, 1916.

SUIT in equity to enforce specific performance of a con-
tract for the sale of real estate, the plaintiff being the vendor.
The defendant answered with a general denial; averred that
the contract was never delivered except conditionally; and
averred that it was obtained by the plaintiff by false and fraud-
ulent representations. There was a decree dismissing the peti-
tion, and the plaintiff has appealed.—*Affirmed.*

*E. G. Graham,* for appellant.

*Howard & Sayers,* for appellee.

EVANS, C. J.—The affirmative defense that the delivery
was conditional only was admitted by plaintiff in a reply,
with a further averment, however, that the condition had been
complied with, and a further averment that, subsequent to the
date of the contract, it had been orally agreed between the
parties that the said written contract should be deemed in
force. The case as made in the record is unique, in that it
presents no debatable question either of law or of fact. Put-
ting the facts briefly, the plaintiff was a real estate agent and
was acting as such for the defendant in the proposed sale of
certain tracts of land owned by the defendant in South
Dakota and Texas. He purported to have found a purchaser
in one Forbes, who also had real estate to be turned in the
exchange. The plaintiff was himself the owner of a piece of
property which is the real estate involved in this suit. He
advised the defendant that he wanted to turn in his own prop-
erty in the deal with Forbes. On October 25, 1913, he came
to the defendant while the defendant was engaged in husking

corn in his cornfield, and advised him that, in order to turn his town property to Forbes, he would need to have the title thereof in the defendant, Wagner, in order to include the same in the proposed deal with Forbes. He had a contract drawn up for that purpose and ready for signature, and this is the instrument which is now sued on. This contract named a purchase price of $2,500. He asked the defendant to sign the same. The defendant hesitated, but yielded upon the certain assurances of the plaintiff. The defendant had never seen the property and knew nothing about its value. The plaintiff assured him that it was worth the amount named, and that he would turn it in the deal with Forbes at $3,000. He also assured the defendant that, if defendant would sign the same for the purpose of plaintiff's present use in negotiating with Forbes, he (plaintiff) would hold the same unsigned by himself and in abeyance until after he should realize $3,000 therefor from Forbes. By the undisputed evidence, the property was in fact worth less than $700. The plaintiff thereupon proceeded to negotiate an exchange between defendant Wagner and Forbes. Neither of them knew anything about the property of the other. Upon representations of plaintiff to each of them concerning the property of the other, he obtained the signature of each to a tentative contract of exchange and sale, which was saved by the following proviso:

"Each party to this contract reserves the right to rescind this contract without damages, upon giving the other party notice in writing within 10 days from the date hereof."

This contract was followed by an immediate examination by each party of the property offered to him. Such examination proved so disappointing to each that he immediately notified the other in writing of his repudiation of the contract.

The procuring of the signatures of the parties to this tentative contract is relied upon by the plaintiff as a performance of the condition upon which the contract between him and Wagner was delivered.

I.   The evidence in the case is brief. The plaintiff intro-

duced in evidence his contract and testified to the execution thereof and to his own tender of performance, and rested. The defendant introduced evidence in support of his affirmative defenses substantially as above narrated. None of this evidence was contradicted by the plaintiff. Manifestly, the affirmative defenses are clearly established.

1. SPECIFIC PERFORMANCE: contracts enforceable: delivery on condition: performance.

The avoidance pleaded in plaintiff's reply has no evidence in its support. The tentative contract was not a performance of the condition which the plaintiff's reply pleaded. We need not analyze the nature of such tentative contract as a whole. For the purpose of our present consideration, it is enough to say that, while it included the plaintiff's town property in the proposed conveyance to Forbes, it did not fix a price of $3,000 upon it, nor did it specify any other price. Such property was simply included in the contract with the defendant's property at a lump price of $41,100.

Moreover, the representations as to value and their falsity were conclusively proved. Plaintiff did not, as a witness, deny the representations nor attempt to support them as true. They were egregious in their falsity. This defense is disposed of in the brief of appellant with the suggestion that these alleged false representations were merely representations as to value, and were therefore not fraudulent. The distinction thus suggested has its use in an appro-

2. SPECIFIC PERFORMANCE: contracts enforceable: inducing contract by fraud: representations as to value.

priate case. That it is not available in such a case as we have. herein, see *Hetland v. Bilstad*, 140 Iowa 411; and *Mattauch v. Walsh Bros.*, 136 Iowa 225.

No useful purpose can be subserved by an extended discussion of the evidence. Plaintiff's case has the unmistakable odor of pus, and we are not disposed to dwell upon it longer than is necessary to ascertain its merits. We find no merit in it.

II. The defendant appellee has filed an amended abstract, wherein he has set out the impeaching testimony of

several witnesses to the effect that the plaintiff had a bad reputation for truth and veracity and moral character. Such amendment shows also that all such testimony was objected to by the plaintiff on the ground that the plaintiff had not as a witness testified contradictory to the defendant in any respect and was not intending to do so.

3 APPEAL AND
ERROR: rules:
failure to obey:
immaterial
amendment to
abstract: costs.

We are at a loss to discover just what function this testimony had at the particular stage of the trial when it was introduced, it being true, as urged in plaintiff's objection, that he had not, as a witness, contradicted the defendant at any material point; and he did not in fact contradict him thereafter. It is possible that, as a military maneuver, this line of action could be justified as a "curtain of fire" to prevent the plaintiff from bringing forward his supporting testimony. Having served that function, we are still at a loss to discover why it should have been brought into this record by an amended abstract of the appellee, unless it is supposed that this court would be disposed to do less than justice to a bad man, or more to one who had a bad adversary. Even the *code duello* does not permit the shooting of an adversary after he has fallen. The amended record by appellee has served no other purpose here than as a quasi mutilation of a dead body. No costs will be taxed for the amended abstract.

The decree entered below will be—*Affirmed.*

DEEMER, WEAVER and PRESTON, JJ., concur.